_____

No. 95-3865
_____

United States of America,       *
                                    *
        Appellee,           *
                                    *
    v.                       *
                                    *
Certificate of Deposit,      *  Appeal from the United States
No. 8101730026, First National  *  District Court for the
Bank of Omaha,            *  District of Nebraska.
                                    *
        Defendant,         *         **[PUBLISHED]**
                                    *
Shari Thompson,           *
                                    *
        Appellant.        *

_____

Submitted: May 21, 1996

Filed: May 28, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Following the arrest of Billy Thompson in April 1990 for possession with intent to distribute cocaine, the government seized a bank certificate of deposit (CD) valued at $7,000 and filed a forfeiture complaint against the property. Shari Thompson, Billy's wife, answered the forfeiture complaint and asserted a claim to the CD. When partial summary judgment was granted in favor of the bank in September 1991, the district court's docket sheet entry erroneously reflected the case as terminated. After no activity for four years, the docketing mistake was detected in September 1995 -- the record does not tell us how -- and the case reopened, presumably at the government's behest. The district court ordered

the case set for trial a few weeks later, and when Thompson did not appear, denied her motion for a continuance and entered a default judgment against her. Thompson appeals. We reverse.

The government's delay of more than four years evidences a lack of reasonable diligence in prosecuting its forfeiture action. The government does not explain why it took four years to discover the district court's docketing error. The procedural prejudice to Thompson is apparent from the circumstances surrounding the hasty reopening and entry of default judgment. Moreover, the government has alleged that the CD was redeemed in March 1995. That event either made the CD forfeiture proceeding moot, or created a need for much more complex litigation before the government could recover the money previously represented by the CD. Since the government originally seized the CD, it is to blame for any mishandling, so it is appropriate to treat the CD's redemption as mooting the forfeiture proceeding. For all these reasons, we conclude that dismissal because of the government's failure to prosecute is the proper course of action. <u>See</u> <u>Garland v. Peebles</u>, 1 F.3d 683, 686 (8th Cir. 1993). <u>See also</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) (courts have inherent authority to dismiss sua sponte for failure to prosecute).

Accordingly, the judgment of the district court is reversed and the case is remanded with instructions to dismiss the government's forfeiture complaint for failure to prosecute.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.